IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CLARENCE CARR and SHAKIRA CARR,

        Plaintiffs,                              Case. No. 1:24-cv-1681-CL

        v.                                      OPINION & ORDER

MEDFORD POLICE DEPARTMENT, et al.,

        Defendants.

---

MCSHANE, Judge:

*Pro se* plaintiffs Clarence and Shakira Carr, proceeding pro se, move for a Temporary Restraining Order against multiple Defendants including the Medford Police Department and the Oregon Department of Human Services. ECF No. 7. Plaintiffs argue Defendants "unlawfully seized their children." Plaintiffs seek "a full investigation" into a state court judge, the Attorney General, "and other legal representatives for advancing fraudulent legal actions in violation of Plaintiffs' constitutional rights." Plaintiffs allege that one year ago, state agents unlawfully removed their children. In state court, Plaintiffs challenged the alleged "void ab initio" order signed by the state judge. In the pending motion, Plaintiffs essentially challenge the state court proceedings and the outcome, arguing Defendants violated their constitutional rights throughout those proceedings. For example, Plaintiffs argue they "filed multiple motions to dismiss the protective order, but these were wrongfully ignored. The pattern of judicial misconduct and

1 – Opinion & Order

malpractice by Judge Bloom and Attorney Karns violated Plaintiffs due process rights and constitutes legal malpractice. Plaintiffs request a full investigation into the conspiracy, fraud, and professional misconduct of all involved." Motion ¶¶ 5.1–5.2. Plaintiffs ask the Court to declare the October 13, 2023 protective order "void ab initio," enjoin Defendants from enforcing the order, "order immediate reunification of Plaintiffs with their children," conduct a full investigation, and award damages.

Plaintiffs' motion for injunctive relief is clearly an attempted end run around state court proceedings and is therefore barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine precludes lower federal courts from hearing claims that collaterally attack prior state court decisions." *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Perhaps more importantly, federal courts are also generally prohibited from interfering in issues of domestic relations. This exception applies to issues involving child custody. *Andenbrandt v. Richards*, 504 U.S. 689, 703–04 (1992).

Additionally, to the extent his custody proceedings are ongoing, *Younger* abstention bars Plaintiff's claims. "*Younger* abstention is a common law equitable doctrine holding that a federal court should refrain from interfering with a pending state court proceeings. *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 699 (9th Cir. 2004) (citations omitted). *Younger* abstention applies when: (1) the state proceedings are ongoing; (2) the claims implicate important state interests; and (3) the state proceedings provide an adequate forum to raise federal questions. *Weiner v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994).

Finally, to the extent Plaintiff brings claims against judges for their actions in state court proceedings, the claims are barred by judicial immunity. *Forrester v. White*, 484 U.S. 219, 225 (1988). That absolute immunity applies not only to judges, but also "for advocates and witnesses" involved in the proceedings. *Id.* Therefore, to the extent Plaintiff challenges "judicial mistakes or wrongs," such challenges must come "through ordinary mechanisms of review," i.e., the appellate process. *Id.*

A party seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The mere possibility of irreparable harm is not enough. Rather, the plaintiff must establish that this harm is likely. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The standards for issuing a temporary restraining order are like those required for a preliminary injunction. *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Ca. 1995).

Because Plaintiffs demonstrate no likelihood of success on the merits of the relief sought in their motion for injunctive relief, Plaintiffs' motion for a temporary restraining order, ECF No. 7, is DENIED. This order applies only to the request for injunctive relief, and not any of the other motions pending before Judge Clarke.

IT IS SO ORDERED.

DATED this 3th day of October, 2024.

                                                             /s/ Michael McShane
                                                             Michael McShane
                                                           United States District Judge