IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CLARENCE CARR and
SHAKIRA CARR,

        Plaintiffs,

v.

REBECCA LEONARD, *et al*,

        Defendants.

Case No. 1:24-cv-01681-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

Plaintiffs Clarence Carr and Shakira Carr, self-represented litigants, seeks to proceed *in forma pauperis* ("IFP") in this action against the Medford Police Department, eleven Medford police officers, the Oregon Department of Human Services ("DHS") and seven DHS social workers, five attorneys, and two judges of the Jackson County Circuit Court. For the reasons below, Plaintiffs' Complaint (#1) is DISMISSED without prejudice and with leave to refile an amended complaint within thirty days. Plaintiff's IFP Application (#2) and motion for pro bono counsel (#6) are held in abeyance, to be reconsidered with the amended complaint, if one is filed.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant

1 – Opinion and Order

to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. The Court has determined the litigants financially eligible to proceed IFP. However, the Complaint fails to state a claim upon which relief may be granted. The second determination is therefore not satisfied.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiffs' Complaint has already been evaluated once by the Court in determining whether or not to grant Plaintiffs' motion for temporary restraining order (#7). As stated by the Court in the Order denying that motion (#8), Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and absolute judicial immunity.

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.* The claims in Plaintiffs' complaint are barred as alleged, as discussed above. In an abundance of caution, Plaintiffs are granted one opportunity to amend and cure the deficiencies identified.

## ORDER

For the reasons set forth above, Plaintiffs' Complaint (#1) is dismissed without prejudice and with leave to file an amended complaint within thirty (30) days. If Plaintiffs fail to file an amended complaint, or fail to cure the deficiencies identified above, the case will be dismissed with prejudice. Plaintiff's IFP Application (#2) and motion for pro bono counsel (#6) are held in abeyance, to be reconsidered with the amended complaint, if one is filed.

It is so ORDERED and DATED this \_\_8\_\_ day of October, 2024.

MARK D. CLARKE
United States Magistrate Judge